**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

DYLAN J. STEDMAN PLAINTIFF
ADC # 186483

v. 4:26CV00050-JM-JTK

MILTON HORTON, et al. DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge James M. Moody, Jr. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

## I. Introduction

Dylan J. Stedman ("Plaintiff") is in custody at the Ouachita River Unit of the Arkansas Division of Correction ("ADC"). His claims in this case arise from the time he was an inmate at the Wrightsville Hawkins Unit of the ADC. Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 without the help of a lawyer. (Doc. No. 1). His Complaint is the operative pleading in this action. (Id.).

Plaintiff sued Sergent Michael Horton, Deputy Warden Mary Cobbs, Major Undray Fields, and Lieutenant Brittany Hipp in their personal and official capacities. (Doc. No. 1 at 2-3, 5).

On March 2, 2026, United States District Judge James M. Moody dismissed Plaintiff's claims against Defendants Cobbs, Fields, and Hipp, along with Plaintiff's official capacity claims. (Doc. No. 9). Plaintiff's personal capacity claims against Defendant Horton remain pending.

On July 2, 2026, Defendant Horton filed a Motion for Summary Judgment on the issue of exhaustion, along with a Brief in Support and Statement of Indisputable Material Facts. (Doc. Nos. 20-22). The Court directed Plaintiff to respond to Defendant Horton's Motion by August 7, 2026. (Doc. No. 24). The Court advised Plaintiff that failure to comply with the Order could result in all facts set forth in Defendant Horton's summary judgment papers being deemed admitted. (Id.) Plaintiff has not filed a response and the time for doing so has passed.

After careful consideration and for the reasons set out below, the Court recommends that Defendant Horton's Motion be granted and Plaintiff's claims against Defendant Horton be dismissed for failure to exhaust administrative remedies.

## II. Plaintiff's Pending Claims

Plaintiff alleges that on August 20, 2025, he was in the infirmary after being injured during field utility. (Doc. No. 2 at 4). While at the infirmary, Defendant Horton escorted Plaintiff to the infirmary and instructed Plaintiff to "take his penis out." (Id.) According to Plaintiff, Defendant Horton then, without Plaintiff's permission, "scooped [Plaintiff's] penis into the cup and told [Plaintiff] not to piss on [Defendant Horton's] hand." (Id.) Plaintiff alleges this was a violation of his rights. (Id.) In reaction to the incident, Plaintiff wrote a grievance against Defendant Horton. (Id. at 5).

## III. Summary Judgment Standard

Pursuant to Fed. R. Civ. P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a

matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998) (quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted)). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party . . . shall be deemed admitted unless controverted by the statement filed by the non-moving party . . . ." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. Fed. R. Civ. P. 56(e).

**IV. Discussion**

Defendants argue that Plaintiff failed to exhaust his claims against them. (Doc. Nos. 20-22).

According to the Prison Litigation Reform Act ("PLRA"),

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit. In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." 532 U.S. 731, 741 (2001). In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear: If administrative remedies are available, the prisoner must exhaust them. Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000) (quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000)). In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court . . . . If exhaustion was not completed at the time of filing, dismissal is mandatory." 340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original). Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." 549 U.S. 199, 218 (2007).

As an initial matter, the Court again notes that Plaintiff has not filed a response to Defendant Horton's Motion. He has not contested any material fact set forth by Defendant Horton in his statement of undisputed material facts. Accordingly, all material facts submitted by Defendant Horton (Doc. No. 22) are deemed admitted. Local Rule 56.1(c); Fed. R. Civ. P. 56(e).

At the time of the incidents giving rise to this lawsuit, the prison had in place a grievance procedure, Administrative Directive ("AD") 19-34. (Doc. No. 22 at ¶ 5; Doc. No. 20-1 at ¶ 4; Doc. No. 20-2). Pursuant to the Directive, an inmate is required to attempt informal resolution of

a problem or complaint prior to filing a formal grievance. (Doc. No. 20-2 at 1-2.) This is accomplished by completing and submitting the Unit Level Grievance Form within fifteen days after the occurrence of the incident. (Id. at 6.) The form must include "a brief statement that is specific as to the substance of the issue or complaint to include the date, place, personnel involved or witnesses, and how the policy or incident affected the inmate submitting the form." (Id.) Following an attempt at informal resolution, an inmate may proceed by filing a formal grievance on the same Unit Level Grievance Form. (Id. at 9.) The warden or his designee must provide a written response within twenty working days of receipt. (Id. at 11.) If dissatisfied with the response, the inmate may appeal within five working days to the appropriate Chief Deputy/Deputy/Assistant Director. (Id. at 12.) The Chief Deputy/Deputy/Assistant Director must provide a written response within thirty working days. (Doc. No. 20-2 at 13.) "A [written] decision or rejection of an appeal at this level is the end of the grievance process." (Id.) Administrative Directive 19-34 includes the following warning:

> A Grievance must specifically name each individual involved in order that a proper investigation and response may be completed. An inmate must fully exhaust the grievance procedure as a prerequisite to pursuing any legal action related to the subject matter of the grievance. All inmates are hereby advised that the Division reserves the right to raise any and all defenses, including the failure to exhaust the grievance procedure, as to any claim which may have been subject to the grievance procedure and as to any person or entity.
>
> An inmate who fails to name all parties during the grievance process may have his or her lawsuit or claim dismissed by the court or commission for failure to exhaust against all parties.

(Id. at 5.)

In support of their Motion, Defendants presented the Declaration of Lakisha Lee, ADC Corrections Program Coordinator. (Doc. No. 20-1). Ms. Lee's responsibilities include responding to non-medical grievance appeals for the current and former ADC Chief Deputy

Directors and Assistant Directors (Id. at ¶¶ 1, 2). Ms. Lee declared under penalty of perjury that she searched Plaintiff's grievance history for (1) any exhausted non-medical grievances relating to Plaintiff's claims in this lawsuit and (2) any exhausted non-medical grievances Plaintiff filed from August 20, 2025, through January 15, 2025, that specifically named or referred to Defendant Horton. (Id. at ¶¶ 33, 34). Ms. Lee found that Plaintiff "did not file a grievance within 15 days of the grieved incident, appeal the unit decision, and receive an appealed decision on the merits that pertained to both the claims of the present lawsuit and name Defendant Milton Horton" before Plaintiff filed this lawsuit. (Id. at ¶ 35). Plaintiff has not contested these facts. Plaintiff has not alleged that the grievance procedure was not available to him.

Plaintiff did not meet proof with proof to establish facts in dispute that would preclude summary judgment in Defendant Horton's favor. Wilson v. Miller, 821 F.3d 963, 970 (8th Cir. 2016) (allegations must be substantiated with sufficient probative evidence); Bolderson v. City of Wentzville, Missouri, 840 F.3d 982, 986-87 (8th Cir. 2016) (noting plaintiff's duty to meet proof with proof in affirming summary judgment in defendant's favor). Accordingly, the Court recommends that Defendant Horton's Motion for Summary Judgment be granted and Plaintiff's claims against Defendant Horton be dismissed without prejudice.

**V. Conclusion**

IT IS, THEREFORE, RECOMMENDED that:

1. Defendant Horton's Motion for Summary Judgment on the issue of exhaustion (Doc. No. 20) be GRANTED;

2. Plaintiff's claims against Defendant Horton be DISMISSED without prejudice for failure to exhaust administrative remedies;

3. This action be CLOSED; and

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and accompanying Judgment would not be taken in good faith.

Dated this 11th day of August, 2026.

JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE